IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| In RE: TIMOTHY RAY SADLER, <br><br> Plaintiff, | CV 16-00099-H-DLC-JTJ <br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Timothy Sadler filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) Mr. Sadler has also submitted a document entitled "Emergency Petition" which he contends is not a complaint but a petition asking for help. (Doc. 2.) The Court has liberally construed his filing as a complaint for injunctive relief. Mr. Sadler, however, does not name an identifiable defendant, he has failed to establish subject matter jurisdiction, and he has failed to state a claim. The motion to proceed in forma pauperis will be granted and the Complaint is recommended for dismissal.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Because he is incarcerated, Mr. Sadler must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Sadler submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is

1

waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Sadler will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Sadler must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Id*. By separate order, the Court will direct the facility where Mr. Sadler is held to forward payments from Mr. Sadler's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. INITIAL SCREENING OF THE COMPLAINT

Because Mr. Sadler is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if

not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511

U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts, . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (internal citations and quotations omitted).

Congress has authorized federal jurisdiction in cases which present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. A party seeking to invoke federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Here there is no readily identifiable basis for subject matter jurisdiction. Mr. Sadler alleges that an organized group of people who murder for money have inserted a small device into the left corner of his eye and can now see and hear everything that he does and says or that is said to him. (Doc. 2 at 3-4.) He has failed to name a defendant or established a basis for federal jurisdiction. He has not plead a federal cause of action.

In addition, it is impossible to determine whether there is complete diversity of citizenship because Mr. Sadler has not named a defendant. This matter cannot

4

proceed without identifying a named defendant.

The Court is not aware of any statutory or constitutional authority that would authorize the granting of relief based on any discernible factual allegation in Mr. Sadler's filing.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Sadler's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed October 24, 2016.

3. At all times during the pendency of this action, Mr. Sadler MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

Further the Court issues the following:

## RECOMMENDATIONS

1. Mr. Sadler's Complaint (Doc. 2) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Sadler may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of November 2016.

 /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.